7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frank Nali
      Plaintiff
v.

Correctional Medical Services, Inc.
Dr. Ivens, Dr. C. Hutchinson, Dr. Pramstaller
Dr. Berhane, Dr. Rocco, Dr. Virgillio
Dr. Brady, Dr. Ayers
      Defendants. Jointly and Severally

Case: 2:10-cv-12368
Judge: Borman, Paul D
MJ: Majzoub, Mona K
Filed: 06-15-2010 At 03:13 PM
CMP NALI V. CORRECTIONAL MEDICAL SERVICES ET AL (DA)

## COMPLAINT

1. Plaintiff is a resident and citizen of Wayne County, Michigan.
2. Defendant, Correctional Medical Services, Inc (herein after referred to as CMS) was a corporation contracted by Michigan Department of Corrections to provide Health Care to inmates; as an independent contractor.
3. CMS main office was located at 12647 Olive Blvd, St. Louis, MO 63141-6345
4. CMS does not conduct business anymore for the Michigan Dept. of Corrections (MDOC).
5. Defendants, Dr. Ivens, Dr. Hutchinson, Dr. Berhane, Dr. Rocco, Dr. Virgillio and Dr. Brady were all employed by CMS. Also was Dr. Ayers.
6. Dr. Pramstaller was employed by MDOC.
7. At the time the incidents complained off herein CMS and its employee-doctors conducted business in Michigan. At the present time it is understood that CMS and the above named doctors (except Dr. Pramstaller) do not conduct business for MDOC, and CMS does not maintain a current office in Michigan.
8. This action is therefore initiated under diversity of citizen.
9. The amount in controversy is over $100,000.00 (one hundred thousand dollars).
10. No defendant is immune from the action

COUNT I MALPRACTICE - VIOLATION OF MCL 600.2912

11. Plaintiff incorporates 1 through 10.
12. On or about March 6, 2006 while plaintiff was housed at Kinross Correctional Facility

plaintiff slipped and fell on the unprotected icy ground, and when it occurred plaintiff felt his knee, or something within his knee snapped. Plaintiff was unable to get up and had to be taken to the health unit, by being placed on a gurney, and transported by a motorized vehicle.

13. Plaintiff was given a full length immobilizer, placed over his left leg and transported to the Emergency room at War Memorial Hospital at Sault Saint Marie.

14. An X-ray of plaintiff's left knee was performed, and showed no broken bones.

15. Plaintiff was seen the following day or two by Dr. Berhane, at which time plaintiff requested to be seen by a specialist, and to have an MRI done.

16. Plaintiff was seen several more times (at least three times) by Dr. Berhane, and each time plaintiff requested to be seen by a specialist and to have an MRI done.

17. Dr. Berhane consulted with her supervisor Dr. Ivens, regarding obtaining an MRI and a specialist, but Dr. Ivens refused to give her permission to obtain either.

18. In order for Dr. Berhane to have obtained permission from Dr. Ivens, she had to inform him of plaintiff's diagnosis, and condition.

19. Dr. Berhane failed to properly diagnose plaintiff's condition, as only a sprain; although plaintiff kept emphasizing that something was torn around his knee.

20. Plaintiff was subsequently transferred to Hiawatha Correctional Facility where Dr. Ayers also refused to have plaintiff evaluated by a specialist, namely an orthopedic surgeon.

21. Dr. Ayers kept telling plaintiff that nothing was wrong with plaintiff's knee inspite of the several complaints of inability to walk properly, no knee reflex on his left knee, inability to extend his left knee, a freely movable left patellar; and obvious signs that part of the muscle in plaintiff's left knee, above the patellar, appeared to have disappeared.

22. Eventually an MRI was done, and it revealed a possible anterior cruciate ligament sprain.

23. Plaintiff informed Dr. Ayers that the MRI results did not explain the signs and symptoms plaintiff expressed, and continued to request to be evaluated by a specialist, and that request was denied by Dr. Ayers.

24. Plaintiff wrote letters to defendants Dr. Hutchinson, and Dr. Pramstaller, explaining his condition, and requested to be evaluated by a specialist. They never responded.

25. Plaintiff was then transferred to Ojibway Correctional Facility where Dr. Rocco refused to have plaintiff evaluated by a specialist, and continued to deny anything was wrong with plaintiff's knee, except a possible sprain as revealed by the MRI report.

26. Plaintiff was then transferred to Pugsley Correctional Facility, where Dr. Virgillio refused to have plaintiff evaluated by a specialist, and failed to diagnose plaintiff's condition as anything but a possible sprain.

27. When plaintiff was transferred to Adrian Correctional Facility he again informed Dr. Brady that he needed to be evaluated by a specialist, because the report from the MRI did not 'fit' with the complaints, and the signs and symptoms plaintiff had been aggressing. Dr. Brady refused to have plaintiff evaluated by a specialist.

28. On or about June 28, 2009 plaintiff's conviction was overturned by the federal court and his immediate release from prison was ordered.

29. Plaintiff was finally able to be evaluated by a specialist who diagnosed plaintiff on or about December 21, 2009 with about a 75% quadricep tendon rupture.

30. On or about June 7, 2010 plaintiff saw another specialist who confirmed the diagnosis was a quadricep tendon rupture, and no anterior ligament sprain.

31. The standard of care for the type of injury plaintiff suffered, and the signs and symptoms plaintiff complained off to all defendants, was to refer plaintiff to a specialist. They all refused to, or were told not to have plaintiff evaluated by a specialist by their superiors, namely, Dr. Ivens, Dr. Hutchinson or Dr. Pramstaller.

32. All defendants also failed to properly diagnose, and/or treat plaintiff's injury correctly.

33. Defendants failure to diagnose plaintiff's injury, and failure to refer plaintiff to be evaluated by a specialist, prevented plaintiff from having very necessary, and immediate surgery to repair the ruptured tendon.

34. Defendants actions amounted to malpractice in violation of the Michigan Statute.

35. Plaintiff has suffered permanent injury, and subsequent disability that prevents him from living a normal life, and from obtaining any meaningful employment.

COUNT II GROSS NEGLIGENCE

36. Plaintiff incorporates 1 through 35.

37. Defendants had a special duty under physician-patient relationship to diagnose plaintiff's condition accurately, or to refer plaintiff to the proper specialist for proper evaluation and diagnosis; and to treat plaintiff's condition properly, which in the instant case would have been surgical intervention.

38. All defendants failed to provide plaintiff with the care he needed, and therefore breached their duty to plaintiff.

39. Plaintiff is now permanently disabled, and damaged not just physically, but emotionally and financially.

40. Defendants actions or inactions are a direct and proximate cause of plaintiff's disability and damages; but for defendants actions or failures plaintiff would not be disabled physically, emotionally, and financially.

COUNT III RESPONDEAT SUPERIOR

41. Plaintiff incorporates 1 through 40.

42. Under the principle of Respondeat Superior, CMS is liable for the actions and/or failures of its employees that have caused harm to plaintiff.

43. Therefore CMS must be liable for defendants actions and/or inactions, as expressed above.

DAMAGES

44. Plaintiff incorporates 1 through 43.

45. Plaintiff has been damaged by the permanent disability, emotional and mental stress, financial loss, and the inability to obtain gainful employment. Social disengagement, and family disassociation; and the inability to pursue a normal existence.

RELIEF SOUGHT

Plaintiff requests an award in favor of plaintiff on all counts, in excess of $100,000.00 punitive damages in excess of $100,000.00, compensatory damages in excess of $100,000.00 plus interest and costs, and any other award deemed necessary.

DEMAND FOR TRIAL BY JURY

Now comes plaintiff and requests a trial by jury, and all awards to be decided by the jury.

Date: 6/15/10

Submitted by:

*[signature]*

Frank Meli
484 Allard Rd
Grosse Pointe Farms, MI 48236

≈JS 44 (Rev. 12/07)          CIVIL COVER SHEET    County in which action arose _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as pro by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of init the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Frank Nali

**DEFENDANTS** Correctional Medical Services et al

**(b)** County of Residence of First Listed Plaintiff   Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   St. Louis, MO
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
In Pro Per 484 Allard Rd
Grosse Pointe Farms, MI 48236

Case: 2:10-cv-12368
Judge: Borman, Paul D
MJ: Majzoub, Mona K
Filed: 06-15-2010 At 03:13 PM
CMP NALI V. CORRECTIONAL MEDICAL SERVICES ET AL (DA)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

TORTS — PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

TORTS — PERSONAL INJURY
- ☒ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332
Brief description of cause: Medical Malpractice

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $100,000.00
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: Western District

   Case No.: Not Docketed as yet

   Judge: Not known as yet

   Notes: Some defendants in this case are also defendants in the Western District